## McCONNOUGHEY *v.* WEIDER.

A replication under oath, to an answer calling for such sworn replication, need not contain more than a reference to the specific allegations contained in the answer.

By sections 1744, 1745, and 1746, of the Code, the replication may be required to be under oath, but in all other respects, it need not differ from that provided for in the sections immediately preceding.

If such pleading is evasive, or fails to deny, or respond to, the allegations contained in the pleading to which it professes to respond, the same consequences follow that are contemplated by section 1742.

Sections 1744, 1745, and 1746 of the Code, were not designed to enable a party in an action at law, to obtain a discovery of any and all matters of defence, whether of an equitable or legal character, which he might see proper to set up or plead.

Whatever might be tried at law, the defendant may make an issue upon, and require a disclosure under oath from his adversary; but he cannot in this method, engraft upon an answer in an action at law, matters that are alone cognizable on the equity side of the court.

Where in an action for money had and received, the defendant answered, admitting the receipt of the money, but averred that he inclosed the same in a letter, and deposited it in the proper post-office, to plaintiff's address, at his request, and that plaintiff had received the same by due course of mail, which answer was sworn to, and called for a reply under oath; and where the plaintiff replied under oath, negativing the new matter set up in the answer; and where the defendant moved to strike the replication from the files, for the reason that it was not sworn to according to law, and as required by the answer, but the motion did not specify wherein it was not properly sworn to, which motion was overruled by the court; and where the cause was submitted to the court, on the petition, sworn answer, and sworn replication, without any testimony, and the court rendered judgment for the plaintiff; *Held*, 1. That the replication was sufficient, 2. That the motion to strike from the files, was properly overruled; and 3. That the court did not err in rendering judgment for the plaintiff on the pleadings.

### *Appeal from the Des Moines District Court.*

PETITION to recover money had and received by defendant, for plaintiff's use. Defendant answers, admitting the receipt of the money, but averring that he inclosed the same in a letter, and deposited it in the proper post-office, to plaintiff's address, at his request, and that plaintiff had received

the same by due course of mail. This answer is sworn to, and requires the reply thereto to be given under oath. The plaintiff accordingly replies under oath, negativing all the allegations of the answer. Defendant moved to strike this replication from the files, because it was not sworn to according to law, and as required by the answer. This motion was overruled, and the cause being submitted to the court on the pleadings, judgment was rendered for plaintiff, and defendant appeals.

*J. C. Hall,* for the appellant.

*Browning & Tracy,* for the appellee.

WRIGHT, C. J.—The appellant claims that the court in overruling his motion, and in rendering judgment on the pleadings, for plaintiff. No objection has been pointed out to the manner in which the replication was sworn to, and we are unable to see any such substantial defect, as would justify striking the same from the files. In the ruling on this motion, therefore, we think the court below did not err.

The objection principally relied upon, however, is, that the replication merely negatives the allegations in the answer, and makes no discovery of the circumstances attending the mailing and receipt of the money. And in the first place, we may say, that if the replication is true, then the money never was mailed or received, and there remains nothing to disclose—there was no discovery to be made. Neither do we understand, that under the Code, the replication need in such cases, contain more than a reference to the specific allegations contained in the answer. By sections 1744, 5 and 6, the pleading may be required to be under oath, but in all other respects, it need not differ from that provided for in the sections immediately preceding. If such pleading is evasive, or fails to deny or respond to the allegations contained in the pleading to which it professes to respond, the same consequences follow that are contemplated

by section 1742. When under the oath of the party himself, it becomes evidence of equal weight with that of a disinterested witness. These sections of the Code, in our opinion, were not designed to enable a party in an action at law, to obtain a discovery of any and all matter of defence which he might see proper to set up or plead, whether of an equitable or legal character. Whatever might be tried at law, he may make an issue upon, and require a disclosure under oath, from his adversary. He cannot, however, in this method, engraft upon an answer in an action at law, matters that are cognizable on the equity side of the court. And we may say further, that the Code contemplates succinctness and perspicuity in all pleadings, whether sworn to or not, and never was designed to permit that method of pleading found in many records—the chief recommendation of which consists in its superabundance and unnecessary length. A pleading under the Code, should be as much a logical statement of the plaintiff's cause of action, or the defendant's ground of defence, as was ever required by the strict rules of the common law—the cause of action or defence, being made clear and palpable, and not concealed, either by terms and expressions too general, or by a too copious use of language.

In this case, we think, the replication properly responds to the allegations contained in the answer. It specifically denies all the new matter, by which defendant seeks to avoid his liability, and we are unable to see how it could more nearly comply with the intention of the Code in reference to such pleadings. We also think that the court below was clearly right, in rendering judgment for the plaintiff on the pleadings—neither party offering any proof.

Judgment affirmed.